**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| URMIL R. SHAH, | : | CIVIL ACTION NO. 07-874 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| MICHAEL CHERTOFF, et al., | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

Plaintiff, Urmil R. Shah, commenced this action against defendants, Michael Chertoff, Robert S. Mueller, III, Emilio Gonzalez, and Andrea J. Quarantillo (collectively, "Defendants") seeking, inter alia, an order (1) compelling Defendants to take action on Plaintiff's application for permanent residence status, (2) providing Plaintiff with a Notice of Approval, and (3) awarding Plaintiff reasonable compensatory damages. (Compl., at 3.) Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Dkt. entry no. 5.) The Court, for the reasons stated herein, will grant the motion.

## BACKGROUND

Plaintiff is a citizen of India, who is currently living and working in the United States under a non-immigrant (temporary) visa. (Pl. Br., at 3.) Plaintiff seeks to adjust his immigration

status to lawful permanent resident. (Id.) On July 13, 2005, he filed a Form I-485 application ("Application") for adjustment of status, along with an I-130 and other documentation with the Missouri Service Center/United States Citizenship and Immigration Services ("USCIS"). (Id.)

For each adjustment of status application, the USCIS and the Federal Bureau of Investigations ("FBI") conduct security and background checks on the applicant to ensure the alien is eligible for the status sought and poses no risk to national security or public safety. (Def. Br., at 4.)[1] Plaintiff submitted fingerprints to the USCIS in September of 2005. (Pl. Br., at 3.) Further, Plaintiff was interviewed at the Newark District Office of USCIS on January 24, 2006. (Id.) A USCIS representative informed Plaintiff at this interview that USCIS could not approve his Application because "the FBI had not completed his Security check, namely the 'name check'" but such checks should be completed in 120 days. (Id.) Plaintiff brought this action seeking to compel the USCIS to adjudicate his Application on February 23, 2007, one year and 7 months after he initially submitted the Application. (See Compl.; Pl. Br., at 3.)

---

[1] Such security and background checks include (1) a fingerprint check for relevant criminal history, (2) a check against the Interagency Border Inspection System, and (3) a name check. (Def. Br., at 4.)

**DISCUSSION**

Plaintiff argues that the Court has jurisdiction to compel the adjudication of his Application under 28 U.S.C. § 1361 ("Section 1361") and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq.  (Pl. Br., at 4, 14.)  Defendants, in contrast, argue that the Court lacks jurisdiction because (1) the claim is unripe, (2) the Attorney General has exclusive jurisdiction to adjust a resident alien's residency status, and the Court has no authority to review the Attorney General's status determinations, (3) Plaintiff has not shown that he is entitled to a writ of mandamus, and (4) the APA precludes judicial review of actions, where, as here, the action challenged is "committed to agency discretion by law."  (Def. Br., at 9-10, 13, 15.)

**I.   Standard of Review for a 12(b)(1) Motion to Dismiss**

A defendant may move to dismiss under Rule 12(b)(1) if the complaint does not allege sufficient grounds to establish subject matter jurisdiction on its face (a "facial attack"). Mortensen v. First Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977). The Court considers a facial attack under the same standard as a motion to dismiss under Rule 12(b)(6) and, as such, "assume[s] that the [well-pleaded] allegations contained in the complaint are true." Cardio-Med. Assocs. Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983).  Also, the Court may dismiss the

complaint in a facial attack "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 438 (D.N.J. 1999).

 A defendant may also challenge subject matter jurisdiction by factually contesting the plaintiff's allegations of its existence (a "factual attack"). Id. The Court, when considering a factual attack to subject matter jurisdiction, "may look beyond the pleadings and make its own determination as to whether it has the power to hear the action." Bricker v. Stouchburg Nursery & Garden Ctr., No. 03-6483, 2004 WL 1576652, at *1 (E.D. Pa. July 14, 2004); see Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (noting that a court addressing a motion to dismiss pursuant to Rule 12(b)(1) is not restricted to the face of the pleadings, but may consider declarations or other evidence to resolve factual questions bearing on the jurisdictional issue without converting the motion into one for summary judgment). "Thus, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Iwanowa, 67 F.Supp.2d at 438 (citation omitted). Moreover, the Court "may consider affidavits, depositions and testimony to resolve factual issues bearing on

4

jurisdiction." Id.  The plaintiff bears the burden of proving that jurisdiction exists.  Mortensen, 549 F.2d at 891; Rudolph v. Adamar of N.J., Inc., 153 F.Supp.2d 528, 533 (D.N.J. 2001) (stating that the party invoking the court's jurisdiction bears the burden of persuasion when the subject matter jurisdiction of the court is challenged).

A Rule 12(b)(1) "factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has completed."  Mortensen, 549 F.2d at 891 (explaining that "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted").  As the defendants have not filed an answer, the Court considers this motion a facial attack.  Thus, the Court will only analyze the allegations contained in the complaint in resolving the motion.

**II.   Section 1361 and Section 1252**

    **A.   Mandamus Jurisdiction**

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Mandamus relief under Section 1361 is an "extraordinary remedy" which should be utilized only to compel the performance of "a clear non-discretionary duty."  Pittston Coal Group v.

5

Sebben, 488 U.S. 105, 121 (1988); see Heckler v. Ringer, 466 U.S. 602, 616 (1984).  A "party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable."  Will v. United States, 389 U.S. 90, 96 (1967) (internal quotations omitted).

> [I]n order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act "devoid of the exercise of judgment or discretion." An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt.

Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987).

### B.   Jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii)

The Immigration and Nationality Act ("INA") gives the Attorney General discretion to adjust the status of "an alien who was inspected and admitted or paroled into the United States . . . to that of an alien lawfully admitted for permanent residence" if certain requirements are met.  8 U.S.C. § 1255(a).  Section 1252(a)(2)(B)(ii) ("Section 1252") of the INA, provides:

> Notwithstanding any other provision of law [including the mandamus statutes Sections 1361 and 1651], no court shall have jurisdiction to review . . . (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).  Further, section 1252(g) of the INA provides that, notwithstanding any other provision of law, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."  8 U.S.C. § 1252(g).

    **C.    Section 1361 and Section 1252 Applied Here**

The parties agree that under Section 1252, the decision of whether to grant the Plaintiff's Application rests with the Attorney General or the Secretary of Homeland Security.  (Pl. Br., at 5-8; Def. Br., at 3.)  Defendants argue that the Attorney General has discretion with respect to all aspects of the Application, including the time taken to complete each stage of the application process.  (Def. Br., at 9-12.)  Further, Defendants argue that Section 1252 precludes the Court from reviewing the Attorney General's decisions with respect to the Application.  (<u>Id.</u> at 11.)  In contrast, Plaintiff argues that the Attorney General has a non-discretionary duty to decide an application for change of residency status in a reasonable amount of time, and thus, Section 1252 does not preclude the Court from compelling action on Plaintiff's Application.  (Pl. Br., at 9-

11.)  The Court finds that it does not have subject matter jurisdiction under either Section 1361 or Section 1252 here.

The United States District Court for the Eastern District of Virginia addressed a similar request in Safadi v. Howard.  466 F.Supp.2d 696 (E.D. Va. 2006).  There, the plaintiff asked the court to adjudicate his I-485 application after all regular security checks were completed.  Id. at 697.  The USCIS opposed the request and claimed that there were issues that required further inquiry.  Id.  The court noted that the term "action" in Section 1252 "encompasses any act or series of acts that are discretionary within the adjustment of status process, including the pace of [adjudication]."  Id. at 698, 700 (citations omitted).  Thus the court concluded that it lacked subject matter jurisdiction to compel adjudication of the Plaintiff's I-485 application.  Id. at 700.  The court also held that there was no jurisdiction under the mandamus statute or the APA because the defendants had no clear, non-discretionary duty to adjudicate an I-485 application within a particular time period.  Id. at 700.

This Court, in Serrano v. Quarantillo and Qui v. Chertoff, similarly found that "lack of non-discretionary duty precluded jurisdiction under [Section] 1361 and the APA, and that [Section] 1252 prohibited judicial review of the Attorney General's actions or inactions relating to the adjustment of a plaintiff's

immigration status." Serrano, No. 06-5221 (DRD), 2007 WL 1101434, at *2-*3 (D.N.J. April 9, 2007); Qui, No. 07-123 (SRC), 2007 WL 1430207, at *3-*4 (D.N.J. May 15, 2007); see Zhang v. Dist. Dir., USCIS, No. 07-362 (SDW), 2007 WL 1797655, at *1-*2 (D.N.J. June 20, 2007) (finding that Section 1252 bars the Court from reviewing any discretionary decision or action of the Attorney General made under 8 U.S.C. § 1255). The plaintiffs in both Serrano and Qui filed I-485 applications for change of residency status. Qui, 2007 WL 1430207, at *1; Serrano, 2007 WL 1101434, at *1. Both plaintiffs waited over two years before commencing an  an action in the district court seeking to compel the Attorney General to act on their applications. Qui, 2007 WL 1430207, at *1; Serrano, 2007 WL 1101434, at *1.

The Court concludes that it also does not have subject matter jurisdiction here. As discussed supra, Section 1252 of the INA expressly states that the Court does not have jurisdiction to review any action taken by the Attorney General in connection with a resident alien's I-485 application for permanent residency status. See 8 U.S.C. § 1252(a)(2)(B)(ii). The Court agrees with the Safadi, Serrano, and Qui courts, and finds that this provision prohibits the Court from reviewing the pace at which the Attorney General or USCIS adjudicates a particular I-485 application. See Serrano, 2007 WL 1101434, at

\*2-\*3 (finding that Section 1252 prohibits judicial review of the Attorney General's inaction with respect to a request for adjustment of immigration status); Qui, 2007 WL 1430207, at \*2 (same); Safadi, 466 F.Supp.2d at 698 (noting that the term "action" in Section 1252 includes the pace of adjudication). Thus, pursuant to Section 1252, the Court lacks subject matter jurisdiction over Plaintiff's request to compel adjudication of his Application. Moreover, the Court cannot exercise mandamus jurisdiction here because the Attorney General has discretion over whether to grant the Plaintiff's Application and the time necessary to appropriately adjudicate it. See 8 U.S.C. § 1252(a)(2)(B)(ii); Sebben, 488 U.S. at 121 (stating that mandamus relief is only appropriate to compel a clear, non-discretionary duty). Thus the Court cannot exercise jurisdiction under either Section 1361 or Section 1252.

### III. The APA

Plaintiff argues that this action is governed by the APA, and thus, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Pl. Br., at 14-16.) The APA provides that "when an agency is compelled by law to act within a certain time period . . . a court can compel the agency to act." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 65 (2004); Li v. Chertoff, 482 F.Supp.2d 1172, 1178-79 (S.D. Cal. 2007) ("[A] court only has

10

jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain time period."). Further, the APA does not apply to agency action that "is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

Section 1252 possesses no statutory or regulatory provision compelling adjudication within a certain time period. Also, it is within the discretion of immigration officials to withhold adjudication of a decision. See 8 U.S.C. § 1255(a); 8 C.F.R. § 103.2(b)(7) and 103.2(b)(18); Qui, 2007 WL 1430207, at *7. Thus, the APA is not applicable to plaintiff's claims.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the motion, and (2) dismiss the complaint pursuant to Rule 12(b)(1). The Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge